**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 21 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARCIO ALEXANDER MATA-TREJO, | No. 20-72629 |
| Petitioner, | Agency No. A203-683-539 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 12, 2021**

Before: TALLMAN, RAWLINSON, and BUMATAY, Circuit Judges.

Marcio Alexander Mata-Trejo, a native and citizen of Honduras, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing

his appeal from an immigration judge's decision denying his application for

asylum, withholding of removal, and relief under the Convention Against Torture

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT") and denying his motion for a continuance. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion for a continuance, and we review de novo claims of due process violations in immigration proceedings. *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008). We deny the petition for review.

Mata-Trejo does not challenge the agency's denial of his claims for asylum, withholding of removal, or relief under CAT. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived). Thus, we deny the petition for review as to those claims.

The agency did not abuse its discretion or violate Mata-Trejo's right to due process when it found Mata-Trejo failed to establish good cause for a continuance. *See* 8 C.F.R. § 1003.29 (an immigration judge may grant a continuance for good cause shown); *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009) (listing factors to be considered in determining whether the denial of a continuance constitutes an abuse of discretion); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on due process claim).

We do not consider Mata-Trejo's contentions concerning his eligibility for bond because the BIA did not decide the issue in the decision that gave rise to this petition for review, *see Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir.

20-72629

2011) (review limited to the grounds relied on by the BIA), and Mata-Trejo does not contend that was in error, *see Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (failure to contest issue in opening brief resulted in waiver).  In addition, we do not consider the materials included with the opening brief that are not part of the administrative record.  *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc) (this court's review is limited to the administrative record underlying the BIA's decision).

**PETITION FOR REVIEW DENIED.**